FERNANDO J. GÉIGEL, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 886.—*Sometido:* Febrero 15, 1933. *Resuelto:* Febrero 24, 1933.

*Gabriel de la Haba,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Un apoderado, de conformidad con las cláusulas de la escritura de poder, estaba autorizado para reclamar, cobrar y recibir cuantas cantidades se adeudasen a los mandantes, para liquidar cuentas y expedir los resguardos conducentes; para enajenar bienes inmuebles por los precios y condiciones que pactare, recibiendo aquéllos en moneda o en especie o bien confesando su pago, y para otorgar cartas de pago y cancelaciones de hipotecas y otras garantías reales; y para que en virtud de lo referido otorgase y firmase cuantos documentos públicos y privados fuesen precisos.

Este apoderado, en una escritura notarial, acusó recibo de cierta cantidad de dinero que se decía haber sido pagada previamente a su mandante, acreedor hipotecario, así como

de otra suma que se suponía ser el saldo adeudado al acreedor hipotecario, pagádale al apoderado. En vista de ello otorgó escritura de cancelación total de hipoteca. Al inscribir este documento, un registrador de la propiedad canceló la inscripción de hipoteca hasta el límite del pago efectuado al apoderado y se negó a cancelar la misma en tanto en cuanto se refería al pago anteriormente efectuado directamente al acreedor hipotecario.

La teoría del registrador fué que de conformidad con la regla establecida de hermenéutica estricta, la facultad para cancelar hipotecas debe limitarse a cancelaciones otorgadas a virtud de pagos efectuados por mediación del apoderado. No hallamos tal limitación en la escritura de poder. El interpretarla así equivaldría a la interpolación de una restricción que no estuvo en la mente de las partes que intervinieron en el contrato.

*Debe revocarse la nota recurrida.*